To support this action, the indictment for felony must have been prosecuted without probable cause, maliciously, and the plaintiff must have been acquitted. The record of the county court proves that he was indicted by the defendant, tried and lawfully acquitted. The facts might have warranted an indictment for a trespass.
There was no probable cause for an indictment for felony; the defendant did not view it as a felony himself; he threatened to make Moody pay for the tools unless he brought them back. As to the malice, the jury will judge from the evidence whether the indictment was preferred to answer the purposes of revenge or ill-will against him. The only part of the evidence applicable to this point is the general quarrel which took place between them.
Verdict for the plaintiff, damages £ 65, and he had judgment.
Cited: Johnson v. Chambers, 32 N.C. 291.
Doubted: McRae v. O'Neal, 13 N.C. 171.